# IN THE COURT OF APPEALS OF IOWA

No. 18-1356
Filed April 17, 2019

**IN THE INTEREST OF S.W.,**
**Minor Child,**

**K.P., Mother,**
        Petitioner-Appellee,

**E.W., Father,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Madison County, Kevin Parker,

District Associate Judge.


        The father appeals the termination of his parental rights for his child.

**AFFIRMED.**


        Ronald W. Kepford, Winterset, for appellant.

        Seth Harrington of Harrington Law LC, Urbandale, for appellee.

        Breanna L. Young of Davis Brown Koehn Shors & Roberts P.C., Des

Moines, guardian ad litem for minor child.


        Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

The father appeals the termination of his parental rights to his child. In July 2014, the father pled guilty to one count of sexual abuse in the third degree and two counts of sexual exploitation of a minor. He was sentenced to three terms of incarceration not to exceed ten years. Two of the terms were ordered to run concurrently, while the third was ordered to run consecutively to the others. However, his sentences were suspended, and he was placed on probation. On April 14, 2015, the father assaulted the mother and threatened to slit her and S.W.'s throats. Following the domestic assault, the father's probation was revoked and his original sentence was imposed.

The mother filed a petition in May 2017 to terminate the father's parental rights under Iowa Code chapter 600A (2017). The father participated from prison in the subsequent termination hearing and his rights were terminated in July 2017. That order was vacated and a second termination hearing was scheduled for March 15, 2018.[1] The father filed his first motion to continue on March 14, stating his new counsel was appointed February 15 and was unavailable on March 15. The district court granted a continuance and rescheduled the hearing for March 29. The father again moved for a continuance, and the district court granted the motion and appointed a guardian ad litem for the child. The hearing was rescheduled for April 26.

---

[1] After the father's parental rights were terminated on July 6, 2017, the father filed a motion to vacate, arguing the Iowa Rules of Civil Procedure mandated he be appointed a guardian ad litem since he was incarcerated. The district court vacated the termination order, appointed a guardian ad litem for the father, and set the new termination hearing for March 2018. *See* Iowa R. Civ. P. 1.211 (stating "[n]o judgment without a defense shall be entered against a party then . . . confined in a penitentiary," and "[s]uch defense shall be by guardian ad litem").

On April 25, less than twenty-four hours before the scheduled hearing, the father filed his third motion to continue, stating he remained incarcerated and his correctional facility would not accommodate his request to allow him to participate in the hearing by telephone.[2]  The mother filed a resistance to the motion, asserting this was the third continuance and stating her fiancé wanted to adopt S.W. after the termination.  On April 26, the parties met at the scheduled hearing time and the district court asked the father's counsel if he had any additional information regarding the motion to continue.  Counsel stated, "I am prepared to move forward, should the Court rule so.  However, because [the father] is not available, I would just ask for the continuance."  The district court then denied the motion, but it allowed the record to remain open until May 14 so the father could "provide any statements, affidavits, or exhibits."  The father's guardian ad litem then filed a professional statement on May 3, quoting the father as saying: "I don't believe it is right for someone's rights to get terminated because they are in prison."  On June 29, the district court terminated the father's parental rights.

The father appeals the termination of his parental rights and asserts his due process rights were violated because he was unable to participate in the hearing. "[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases."  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  Furthermore, "[e]ven issues implicating constitutional rights must

---

[2] Our supreme court recently modified the procedure for incarcerated parents' participation in termination proceedings.  *See In re M.D.*, 921 N.W.2d 229, 237–38 (Iowa 2018). However, such procedure applies prospectively.  *See id.* at 237 (stating "we conclude juvenile court judges must follow a different procedure moving forward").  Since the termination hearing in this case was held prior to the November 30, 2018 opinion, we find the new procedure is inapplicable here.  *See id.*

be presented to and ruled upon by the district court in order to preserve error for appeal." *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003). Here, the only argument presented by the father below was his inability to participate in the termination hearing by telephone because of his incarceration. He failed to articulate a constitutional due process violation until this appeal. Further, with no constitutional violation findings by the district court, the father has not preserved error for our review on this issue. *See id.*

To the extent the father has preserved error on his challenge to the denial of his third motion to continue, our review is for abuse of discretion. *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996) ("Denial of a motion to continue must be unreasonable under the circumstances before we will reverse."). The record shows the district court granted the father's first two motions to continue, despite both being made the day before the scheduled hearing. Moreover, the district court ordered the record to remain open for an additional nineteen days after the termination hearing to allow the father to submit any additional statements, affidavits, or exhibits. To the extent the father preserved error on his challenge to the denial of his third motion to continue, we find the district court did not abuse its discretion.

**AFFIRMED.**